J-S10011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE LUIS GONZALES | : | |
| | : | |
| Appellant | : | No. 1336 MDA 2019 |

Appeal from the PCRA Order Entered July 30, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003943-2016

BEFORE: PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.: **FILED MARCH 23, 2020**

Jose Luis Gonzales appeals, *pro se*, from the order entered July 30, 2019, in the Lancaster County Court of Common Pleas, dismissing his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA")[1] without a hearing. Gonzales seeks relief from an aggregate term of six to 16 years' incarceration, imposed on May 4, 2017, after the trial court convicted him of possession with intent to deliver heroin ("PWID"), possession of drug paraphernalia, receiving stolen property ("RSP"), carrying a firearm without a license ("VUFA"), and false identification to a law enforcement officer.[2] On appeal, Gonzales claims the PCRA court erred in dismissing his

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 35 P.S. §§ 780-113(a)(30), (a)(32); 18 Pa.C.S.A. §§ 3925, 6106, and 4914, respectively.

petition based on ineffective assistance of PCRA and trial counsel. For the reasons below, we affirm.

As the parties are well acquainted with the facts of this case, which are fully set forth in the PCRA court's Pa.R.A.P. 1925(a) opinion, we need not recite them herein. **See** PCRA Court Opinion, 10/9/2019, at 1-4 (unpaginated). The relevant procedural history is as follows. Gonzales was charged with PWID, possession of drug paraphernalia, RSP, VUFA, and false identification. A two-day suppression hearing was held on February 21, 2016 and February 27, 2016.

The court denied Gonzales's motion to suppress and the matter proceeded directly to a stipulated bench trial. The trial court found Gonzales guilty of all five charges. On May 4, 2017, the court sentenced Gonzales as follows: (1) a term of two and a half to nine years' incarceration for PWID; (2) a concurrent term of two and a half to seven years' imprisonment for RSP; and (3) a consecutive term of three and a half to seven years' incarceration for VUFA.[3] Gonzales filed a post-sentence motion, which the court denied on June 15, 2017.

_____

[3] The court imposed costs with respect to the remaining two convictions.

This Court affirmed his judgment of sentence on March 29, 2018,[4] and the Pennsylvania Supreme Court denied his petition for allowance of appeal on August 21, 2018. **See Commonwealth v. Gonzales**, 188 A.3d 590 (Pa. Super. 2018) (unpublished memorandum), *appeal denied*, 191 A.3d 829 (Pa. 2018).

Subsequently, Gonzales filed this, his first, *pro se*, PCRA petition on April 9, 2019. Counsel was appointed, who then filed a motion to withdraw and **Turner**/**Finley**[5] "no merit" letter in June of 2019. The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Gonzales's petition without a hearing. Gonzales filed a *pro se* response to the court's Rule 907 notice. **See** Answer to Court's Notice of Intent to Dismiss, 6/24/2019, at 1-3. Subsequently, on July 29, 2019, the court dismissed Gonzales's petition, and granted counsel's motion to withdraw. This *pro se* appeal followed.[6]

---

[4] Gonzales raised one claim on direct appeal – that the trial court erred in denying his suppression motion because the police officers lacked reasonable suspicion and, therefore, they did not have an adequate basis to subject him to an investigatory detention.

[5] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[6] On August 13, 2019, the PCRA court ordered Gonzales to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Although the Commonwealth filed a document, titled "Commonwealth's Response to Defendant's Concise Statement of Errors Complained on Appeal," on August 29, 2019, neither the certified record nor the docket reflect that Gonzales ever filed a concise statement. Nevertheless, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on October 9, 2019.

Preliminarily, we note: "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003 (some citations omitted). "[A]ny layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." **Commonwealth v. Gray,** 608 A.2d 534, 550 (Pa. Super. 1992), *quoting* **Vann v. Commonwealth Unemployment Compensation Bd. of Review**, 494 A.2d 1081, 1086 (Pa. 1985). As such, we cannot serve as Gonzales's counsel and litigate his claim for him.

In his sole issue on appeal, Gonzales contends:

> [He] is entitled to PCRA relief since he was denied the effective assistance of counsel guaranteed him by the Sixth Amendment to the United Stated Constitution and Article I, Section 9 of the Pennsylvania Constitution when PCRA counsel failed to litigate the issue that trial counsel was ineffective for failing to challenge at the suppression hearing, at trial or on appeal the sufficiency of the search warrant or any of the actions taken by the officers after the search warrant was executed.

Appellant's Brief, at 7 (some capitalization removed).

Gonzales' argument amounts to a layered claim of PCRA counsel's ineffective assistance based on counsel's failure to raise a claim of ineffective assistance of trial counsel. He specifically states:

> Th[e] search warrant was defective and executed by the police in violation of the rights guaranteed to [Gonzales] under the Fourth and Fourteenth Amendments of the United States Constitution and Article I, Section 8 of the Constitution of the Commonwealth of Pennsylvania. All of the items of evidence

- 4 -

would have been suppressed had [trial] counsel challenged the sufficiency of the search warrant or any of the actions taken by the officers after the search warrant was executed.

…

The search warrant of Storage Locker c5 was defective in that it was [overbroad] and lacking in particularity in its description of the items to be seized.

***Id.***, at 8-9.

Gonzales further alleges that while the warrant listed heroin, it referred to the general term of controlled substances under the Pennsylvania Controlled Substance, Drug, Device and Cosmetic Act,[7] which is not particular or specific. He further contends that there was "no description of the paraphernalia or other materials for which the police are searching," and this "amounts to nothing more than general rummaging." ***Id.***, at 10-11.

He states that as a result, his underlying claim has arguable merit because the warrant was not supported by probable cause and "the affidavit contains general information from [Gonzales] which is not corroborated by the police prior to obtaining the search warrant or its execution." ***Id.***, at 12. Moreover, he argues trial counsel possessed no strategic basis for failing to challenge the validity of the warrant, and likewise, PCRA counsel had no reasonable basis for failing to raise this claim. ***Id.***, at 12. He concludes that he was prejudiced by counsels' inaction because if the drugs were not

---

[7] ***See*** 35 P.S. §§ 780-1 – 780-144.

introduced into evidence at trial, the prosecution would have no case against him. *Id.*, at 13.

Before we may address the merits of this claim, we must determine whether Gonzales has properly preserved this argument.

A review of the record reveals Gonzales did not raise this issue in his PCRA petition or in his response to the PCRA court's Rule 907 notice. Rather, Gonzales's allegations concerned the drug detection canine used during the search. Specifically, in his petition, Gonzales stated:

> A drug detection canine was brought to the scene and indicated a positive presence of narcotics inside a red tote bag that it is alleged Petitioner was carrying. Police subsequently obtained a search warrant for the bag and found that it contained 556 individual bags of herion [sic] and a stolen 9 mm handgun. It has been judicially determined by the trial court's 10/27/17, opinion on pg. 5 that trial counsel did not challenge at the suppression hearing at trial or on appeal the sufficiency of the search warrant or any of the actions taken by the officers after the search warrant was executed. A canine sniff of a person's property constitutes a search requiring a demonstration of reasonable suspicion that narcotics may be present.
>
> …
>
> Trial counsel provided ineffective assistance by failing to challenge the search warrant or any of the actions taken by the officers after the search warrant was executed.

Motion for Post Conviction Relief, 4/9/2019, at 3. He reiterated this argument in terms of PCRA counsel's ineffectiveness in his response to the Rule 907 notice. **See** Answer to Court's Notice of Intent to Dismiss, 6/24/2019, at 2-3. Accordingly, for the first time on appeal, he raises the argument that PCRA

and trial counsel were ineffective for failing to raise the claim that the search warrant was overly broad and lacking specificity.

"It is well-settled that issues not raised in a PCRA petition cannot be considered on appeal." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. 2011) (quotation marks and citations omitted). **See also Commonwealth v. Lauro**, 819 A.2d 100, 103-04 (Pa. Super. 2003)) (waiving five issues not in original or amended PCRA petition); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Here, Gonzales did not raise this specific issue before the PCRA court in his petition, he did not move to amend his PCRA petition after receiving counsel's **Turner**/**Finley** "no merit" letter and the court's Rule 907 notice, and he did not identify it in a concise statement. Consequently, Gonzalez has waived his ineffective assistance of PCRA and trial counsel argument on appeal.

For these reasons, we affirm the denial of his PCRA petition without an evidentiary hearing.[8]

Order affirmed.

---

[8] While the PCRA court addressed Gonzales's claim as he raised it in his petition, we are guided by the following: "This Court is not bound by the rationale of the trial court, and we may affirm the trial court on any basis." **Commonwealth v. Williams**, 73 A.3d 609, 617 n.4 (Pa. Super. 2013) (citation omitted). **See** PCRA Court Opinion, 10/9/2019, at 6-11 (unpaginated).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/23/2020